IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

SAMUEL PRINCE,

           Plaintiff,

    vs.

MANDARICH LAW GROUP, LLP and
CACH, LLC,

           Defendants.

NO.

**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.**

COMES NOW Plaintiff, Samuel Prince, by and through counsel, who alleges:

## I.    <u>PARTIES AND JURISDICTION</u>

1.     Plaintiff Samuel Prince, formerly Samuel Ade, is an individual who resides in King County, Washington State.

2.     Defendant Mandarich Law Group, LLP ("Mandarich"), a California Limited Liability Partnership, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff. Mandarich's registered agent is National Registered Agents, Inc., 711 Capitol Way S. Ste. 204, Olympia, WA 98501-1267.

3.     Defendant CACH, LLC ("CACH"), a Colorado Limited Liability Company, is a

Complaint - 1

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1   debt collector and collection agency doing business in Washington, and who attempted to collect

2   an alleged debt from the Plaintiff.  CACH's registered agent is Corporation Service Company,

3   300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA 98501.

4       4.    Jurisdiction over Defendants is proper as Defendants are doing business in

5   Washington State and venue is appropriate in King County, Washington.

6   **II.**   <u>**FACTS**</u>

7       5.    In 2014, Defendants Mandarich and CACH filed a collection lawsuit against

8   Plaintiff in King County Superior Court, case no. 14-2-19356-4.

9       6.    According to the collection lawsuit's case file, Samuel Prince (then known as

10  Samuel Ade) was served with process via substitute service.  While Mr. Prince was never

11  personally informed of the lawsuit, he recognizes that he may be unable to dispute service under

12  existing Court Rules and Washington law.  In any event, Mr. Prince was unaware of the lawsuit

13  in 2014.

14      7.    On or about July 16, 2014, Defendants Mandarich and CACH moved for and

15  obtained a default judgment, but failed to file the motion and supporting documents.  Thus, the

16  case file includes only the complaint and default judgment.  The total amount of the judgment

17  was $1,846.81.

18      8.    For reasons presently not known, Defendants sat on their judgment for many

19  years and took no action.

20      9.    In early 2023, Plaintiff Samuel Prince was shocked to learn that his wages were

21  being garnished.

22

23

Complaint - 2

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

10.     Further investigation revealed that the garnishment stemmed from the aforementioned default judgment, although this was the first moment when Mr. Prince learned of the matter.

11.     In both the writ of garnishment and the application therefor, Defendants Mandarich and CACH represented an entitlement to the judgment balance, interest, and certain fees permitted by statute.  A copy of the writ and application is attached as **Exhibit A.**

12.     In addition to the aforementioned amounts, Defendants also represented a separate and distinct entitlement to $470.00 for "Taxable Costs and Attorney Fees."  No law permitted recovery of such amounts.  *See* RCW Chapter 6.27.

13.     Perhaps more confusing still, when the total of the amounts sought in the garnishment are added together, the amount comes to $3,448.93, though the writ states a slightly lesser total of $3,248.93.  Thus, the amount of the writ is inflated by either $470 or $270, both of which are improper.

14.     The writ of garnishment and its application are confusing, misleading, or both.  The writ states that "Garnishment Attorney Fees" are $0.00, while Defendants sought to collect $470.00 in "Taxable Costs and Attorney Fees," while the arithmetic suggests Defendants actually sought to collect $270.00 in such improper costs.  Any person in Mr. Prince's shoes would have extreme difficulty determining the next step, such as whether to contest the garnishment.

15.     Such an argument would be difficult for anyone to articulate, much less a non-lawyer like Mr. Prince, because it is obvious that Defendants are not entitled to the alleged $470.00 in "costs" and "fees," but a straight line deduction from the writ would seem mathematically incorrect as well, given the odd accounting used.  In short, even if one of the

Complaint - 3

1   amounts were, somehow, correct, Defendants' collection efforts were still misleading and

2   confusing such that Mr. Prince did not know how to proceed.

3       16.     Lacking any meaningful options, Mr. Prince sought counsel to determine his legal

4   rights and responsibilities, and incurred expenses in doing so.

5       17.     As a result of Defendant's actions detailed above, Mr. Prince has incurred

6   expenses in seeking and retaining counsel in connection with ascertaining his legal rights and

7   responsibilities, and has suffered financial uncertainty, unease, and distress caused by

8   Defendants' collection practices, which are false, misleading, improper, and/or confusing.

9                   **III.    CAUSES OF ACTION**

10          **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

11      18.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

12   1692a(3) and Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6).

13      19.     With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

14   19.16.100(8) and Defendants are collection agencies as defined by RCW 19.16.100(4).

15      20.     For claims arising under the Fair Debt Collection Practices Act, such claims are

16   assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499

17   F.3d 926, 934 (9th Cir. 2007).

18                   **Count 1 (and all subcounts)**

19      21.     A debt collector may not use any false, deceptive, or misleading representation or

20   means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a

21   violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2).

22      22.     Defendants made false, deceptive, and misleading representations when they:

23      a.      Asserted an entitlement to $470.00 in "Taxable Costs and Attorney Fees."

Complaint - 4

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

b.  Miscalculated the total amount of the writ of garnishment so as to confuse the basis of the amounts requested.

c.  Made confusing and contradictory statements, such as representing the entitlement to $470.00 as costs *and* attorney's fees, while also representing that any garnishment attorney's fees were zero dollars.

23.  Therefore, Defendants violated 15 U.S.C. § 1692e and/or § 1692e(2).

## Count 2 (and all subcounts)

24.  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

25.  Plaintiff realleges the allegations contained in Count 1, *supra*.

26.  For the above-stated reasons, Defendants therefore violated 15 U.S.C. § 1692f on multiple occasions.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS

27.  Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

28.  Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

29.  Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 5

ANDERSON | SANTIAGO
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

*Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 3

30.     A collection agency may not collect or attempt to collect any sum other than principal, allowable interest, collection costs or handling fees expressly authorized by statute, and in the case of suit attorney's fees and taxable court costs.  RCW 19.16.250(21).

31.     Defendants were not allowed to collect $470.00 in "Taxable Costs and Attorney Fees."

32.     Defendants therefore violated RCW 19.16.250(21).

### Count 4

33.     RCW 19.16.250(15) prohibits a collection agency from representing or implying that an existing obligation may be increased by attorney fees or any other fees or charges when such charges are not permitted by law.

34.     In representing an entitlement to $470.00 in "Taxable Costs and Attorney Fees" without a legal basis, Defendants therefore violated RCW 19.16.250(15).

### Count 5

35.     The foregoing violations of RCW 19.16.250 constitute "per se" violations of the Washington Consumer Protection Act.

36.     In addition, Defendants' violations of the FDCPA as outlined above themselves constitute *per se* violations of the CPA. *See Sims v. Midland Funding LLC*, 2021 WL 1546135 at *5 (W.D. Wash. Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc.*, 806 F. App'x 549, 552 n.3 (9th Cir. 2020)).

37.     Therefore, each of the foregoing FDCPA claims are reasserted herein as "per se" violations of the CPA, and Defendants thus violated the Consumer Protection Act on this basis as

Complaint - 6

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1   well.

2                               **Request for Injunctive Relief**

3          38.     A plaintiff may seek injunctive relief for violations of the Consumer Protection

4   Act. RCW 19.86.090.

5          39.     Plaintiff does seek injunctive relief from this Court which would enjoin

6   Defendant from collecting debts in the manner described above from both Plaintiff and any other

7   person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

8          40.     Specifically, Plaintiff seeks an injunction prohibiting Defendants from seeking

9   additional fees and costs in connection with garnishment when such fees and costs are not

10  allowed by law.

11         41.     Plaintiff has reason to believe these actions make up a pattern and practice of

12  behavior and have impacted other individuals similarly situated.

13         42.     Injunctive relief is necessary to prevent further injury to Plaintiff and to the

14  Washington public as a whole.

15         43.     Injunctive relief should therefore issue as described herein.

16                               **IV. PRAYER FOR RELIEF**

17         WHEREFORE, Plaintiff prays:

18         1.      For Judgment against Defendants for actual damages.

19         2.      For statutory damages of $1,000.00 for FDCPA violations.

20         3.      For statutory damages of $7,500.00 per violation for Washington Collection

21  Agency Act and Consumer Protection Act violations.

22         4.      For treble damages, pursuant to RCW 19.86.090, calculated from the damages

23  determined by the court.

Complaint - 7

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

1   5.      For costs and reasonable attorney's fees as determined by the Court pursuant to

2   15 U.S.C. 1692k(a)(3) and other applicable law.

3   6.      For injunctive relief pursuant to RCW 19.86.090 as described above.

4

5           Respectfully submitted this 11th day of May, 2023.

6                               **ANDERSON SANTIAGO, PLLC**

7
                                By:
8                               Jason D. Anderson, WSBA No. 38014
                                Attorneys for Plaintiff
9                               207B Sunset Blvd. N.
                                Renton, WA 98057
10                              (206) 395-2665
                                (206) 395-2719 (fax)

11

12

13

14

15

16

17

18

19

20

21

22

23

Complaint - 8

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

1

2

3

4

5

6

7

8

KING COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF WASHINGTON

9

CACH, LLC,

10

        Plaintiff,

Case No.: 14-2-19356-4 KNT

11

    v.

12

Samuel L Ade and DOE Ade, and the marital community comprised thereof,

13

**WRIT OF GARNISHMENT FOR CONTINUING LIEN ON EARNINGS**

        Defendant,

14

This garnishment is based on a Judgment or Order for

    and

15

MORNINGSTAR, INC. DBA MORNINGSTAR RESEARCH, INC.,

16

[ X ] Consumer Debt

[   ] Student Loan Debt

17

        Garnishee.

[Clerk's Action Required]

18

19

**The State of Washington to MORNINGSTAR, INC. DBA MORNINGSTAR RESEARCH, INC.** (Garnishee)

20

**And to Samuel L Ade** (Defendant(s))

21

22

CACH, LLC ("Plaintiff") in this action has applied for a Writ of Garnishment against you, claiming that the above named Samuel L Ade ("Defendant") is indebted to Plaintiff and that the amount to be held to satisfy the indebtedness is $3,248.93, consisting of:

23

24

25

/ / /

26

/ / /

PAGE 1 – WRIT OF GARNISHMENT (CONSUMER DEBT)

105820

**MANDARICH LAW GROUP, LLP**
P.O. Box 109032, Chicago, IL 60610
T: 877.285.4918; F: 818.888.1260

1    ///

2        Balance of Judgment or Amount of Claim                          $1,846.81
3        Interest under Judgment from 07/16/2014 to 02/20/2023            $1,002.95

4        Taxable Costs and Attorney Fees                                   $470.00

5        Estimated Garnishment Costs:
            Filing and Ex Parte Fees:                    $22.00
6           Service and Affidavit Fees:                  $60.00
            Postage and Costs of Certified Mail:          $7.17
7           Answer Fee or Fees:                          $40.00
            Garnishment Attorney Fees:                    $0.00
8           Other                                         $0.00
9        Total Estimated Garnishment Costs:                               $129.17
         Less Any Payments Applied                                          $0.00
10       TOTAL:                                                          $3,248.93

11       Plus *Per Diem* Rate of Estimated Interest                        $0.32

12

13   THIS IS A WRIT FOR A CONTINUING LIEN. GARNISHEE SHALL HOLD the nonexempt
     portion of Defendant's earnings due at the time of service of this writ and shall also hold
14   Defendant's nonexempt earnings that accrue through the last payroll period ending on or before
     SIXTY days after the date of service of this writ. HOWEVER, IF GARNISHEE IS PRESENTLY
15   HOLDING THE NONEXEMPT PORTION OF DEFENDANT'S EARNINGS UNDER A
     PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, GARNISHEE SHALL HOLD
16   UNDER THIS WRIT only Defendant's nonexempt earnings that accrue from the date the
     previously served writ or writs terminate and through the last payroll period ending on or before
17   60 days after the date of termination of the previous writ or writs.  IN EITHER CASE,
     GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM WITHHELD EQUALS THE
18   AMOUNT STATED IN THIS WRIT OF GARNISHMENT.
19

20   YOU ARE HEREBY COMMANDED, unless otherwise directed by the Court, by the attorney of
     record for Plaintiff, or by this writ, not to pay any debt, whether earnings subject to this
21   garnishment or any other debt, owed to Defendant at the time this writ was served and not to
     deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of
22   Defendant in your possession or control at the time when this writ was served. Any such payment
     delivery, sale, or transfer is void to the extent necessary to satisfy Plaintiff's claim and costs for
23   this writ with interest.
24

25   YOU ARE ALSO COMMANDED to answer this writ according to the instructions in this writ
     and in the answer forms and, within 20 days after the service of the writ upon you, to mail or
26

PAGE 2 – WRIT OF GARNISHMENT (CONSUMER            **MANDARICH LAW GROUP, LLP**
            DEBT)                                         P.O. Box 109032, Chicago, IL 60610
                                                        T: 877.285.4918: F: 818.888.1260
105820

1   deliver the original of such answer to the Court, one copy to Plaintiff or Plaintiff's attorney, and
    one copy to Defendant, at the addresses listed at the bottom of this writ.

2

3   If, at the time this writ was served, you owed Defendant any earnings (that is wages, salary,
    commission, bonus, tips, or other compensation for personal services or any periodic payments
4   pursuant to a nongovernmental pension or retirement program), Defendant is entitled to receive
    amounts that are exempt from garnishment under federal and state law. You must pay the exempt
5   funds to Defendant on the day you would customarily pay the compensation or other periodic
    payment. As more fully explained in the answer, the basic exempt amount is the greater of 75
6   percent of disposable earnings or a minimum amount determined by reference to the employee's
    pay period, to be calculated as provided in the answer.
7

8   However, if this writ carries a statement in the heading of "This garnishment is based on a
    judgment or order for:"

9
    ▪   "child support," the basic exempt amount is 50 percent of disposable earnings; or
10
    ▪   "private student loan debt," the basic exempt amount is the greater of 85 percent of disposable
11      earnings or 50 times the minimum hourly wage of the highest minimum wage law in the state
        at the time the earnings are payable; or
12
    ▪   "consumer debt," the basic exempt amount is the greater of 80 percent of disposable earnings
13      or 35 times the state minimum hourly wage.

14  YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE
    EMPLOYEE'S EARNINGS AFTER WITHHOLDING UNDER THIS WRIT. THE
15  PROCESSING FEE MAY NOT EXCEED TWENTY DOLLARS FOR THE FIRST ANSWER
    AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND ANSWER.
16

17  If you owe Defendant a debt payable in money in excess of the amount set forth in the first
    paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee,
18  if one is charged, and release all additional funds or property to Defendant.

19  IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE
    ENTERED AGAINST YOU FOR THE FULL AMOUNT OF PLAINTIFF'S CLAIM AGAINST
20  DEFENDANT WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER
    OR NOT YOU OWE ANYTHING TO DEFENDANT. IF YOU PROPERLY ANSWER THIS
21  WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY
    NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS
22  IN YOUR POSSESSION OR CONTROL.

23

24  ///

25  ///

26  ///

    PAGE 3 – WRIT OF GARNISHMENT (CONSUMER          MANDARICH LAW GROUP, LLP
                DEBT)                                 P.O. Box 109032, Chicago, IL 60610
                                                      T: 877.285.4918: F: 818.888.1260
    105820

1  JUDGMENT MAY ALSO BE ENTERED AGAINST DEFENDANT FOR COSTS AND FEES
2  INCURRED BY PLAINTIFF.

3  [ X ]  Witness, the Honorable _____ **PATRICK H. OISHI** _____ , Judge of the above-
   entitled Court, and the seal thereof, this_____ day of **APR 0 7 2023** _____ , 2023.

4  Attorneys for Plaintiff:

5  **MANDARICH LAW GROUP, LLP**                      Barbara Miner, Clerk of the Superior Court
                                                        For King County, WA

6  _____                          By _____ Deputy

7  Brendan Wilson, WSBA No. 47420                     Clerk of the Court
   P.O. Box 109032, Chicago, IL 60610

8  877.285.4918

9                                                      By: _____
                                                        Deputy Clerk

10 Samuel L Ade
11 12049 NE 141st Way
   Kirkland WA 98034

12 
   Address of the Clerk of the Court:
13 SUPERIOR COURT, IN AND FOR THE COUNTY KING
   516 Third Ave, Room C9-203
14 Seattle WA 98104

15

16

17

18

19

20

21

22

23

24

25

26

      PAGE 4 – WRIT OF GARNISHMENT (CONSUMER            **MANDARICH LAW GROUP, LLP**
               DEBT)                                     P.O. Box 109032, Chicago, IL 60610
                                                        T: 877.285.4918: F: 818.888.1260
      105820

RECEIVED
KING COUNTY, WASHINGTON

APR - 7 2023

KNT DEPARTMENT OF
JUDICIAL ADMINISTRATION

KING COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF WASHINGTON

| | |
|---|---|
| CACH, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>Samuel L Ade and DOE Ade, and the marital community comprised thereof,<br><br>          Defendant,<br><br>     and<br><br>MORNINGSTAR, INC. DBA MORNINGSTAR RESEARCH, INC.,<br><br>          Garnishee. | Case No.: 14-2-19356-4 KNT<br><br>**APPLICATION FOR WRIT OF GARNISHMENT**<br><br><br>[Clerk's Action Required] |

## I.  APPLICATION

1.1     CACH, LLC ("Plaintiff") has a judgment wholly or partially unsatisfied, against Samuel L Ade ("Defendant") in the Court from which the writ is being sought.

1.2     The amount alleged to be due is the balance of the judgment or amount of the claim, $1,846.81, plus interest and estimated garnishment costs, less any payments made, as indicated in the writ.

Page 1 – APPLICATION FOR WRIT
OF GARNISHMENT

105820

**MANDARICH LAW GROUP, LLP**
P.O. Box 109032, Chicago, IL 60610
T: 877.285.4918: F: 818.888.1260

1.3   Plaintiff has reason to believe, and does believe, that MORNINGSTAR, INC. DBA MORNINGSTAR RESEARCH, INC., the above-named garnishee, whose business location is 300 DESCHUTES WAY SW, STE 208 MC-CSC1 , TUMWATER WA 98501 is:

[ x ]  indebted to Defendant in amounts exceeding those exempted from garnishment by any state or federal law; or

[ ]  the Garnishee has possession or control of personal property or effects belonging to Defendant which are not exempted from garnishment by any state or federal law.

1.4   The Garnishee [ x ] is [ ] is not the employer of the Defendant.

## II. CERTIFICATION

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED: February 20, 2023 at Chicago, Illinois.

Brendan Wilson, WSBA No. 47420
Attorney for Plaintiff

Page 2 – APPLICATION FOR WRIT
OF GARNISHMENT

105820

MANDARICH LAW GROUP, LLP
P.O. Box 109032, Chicago, IL 60610
T: 877.285.4918: F: 818.888.1260